GEORGE E. WALLACE, in equity,

*vs.*

ROBERT HAWES and others.

Waldo.    Opinion February 28, 1887.

*Will.  Devise.*

A woman, in the first clause of her will, devised her farm to her husband, absolutely; in the second clause, she provided a life support for him on the farm; in the next clause, she declared that another man shall receive his support out of the farm, "in accord with former agreement," when there was no such agreement; in the next, it may be conjectured she had in her mind some provision about monuments for herself and husband, but she failed to fully express it; and finally she "orders" that still another person, "if he proves faithful and remains on the farm" until the death of the before named persons, shall have the residue of her estate, and that, if he does not so behave, the same shall be divided among certain other persons. *Held:* That the wife having first given the whole estate to her husband, and using afterwards no appropriate language to cut down the estate or take it from him, he takes a fee therein subject only to her debts and last expenses.

Bill in equity by the administrator, with the will annexed of the estate of Jane H. Hawes, brought to obtain a construction of the will, which was as follows:

"I, Jane H. Hawes, of Searsmont, in the county of Waldo and state of Maine, being weak in body, but of a sound mind and memory (blessed be Almighty God for the same), do make, publish and declare this my last will and testament, in manner and form following, viz. :

"1.   I give and devise to my beloved husband, Robert Hawes, the farm on which I now live, it being the same as deeded to me

VOL.  LXXIX.    12

by Sully B. Muzzy on February 22, 18—, and recorded at the register's office in Book No. 141, page 404, for a full description of said premises.

" 2.   And I further declare that the said Robert Hawes, my husband, is to have his support out of said property, being provided with clothing and food, good and sufficient as heretofore, and all nursing and medical attendance needful in sickness, so long as he may live.

" 3.   I also declare that Ebenezer Robbins shall have his support out of said property, in being provided with food and clothing as heretofore, so long as he may live, in accord unto former agreement.

" 4.   I also order that after paying all my just debts and burial expenses of Robert, my husband, and of myself, and erecting suitable white marble grave stones, to the value of about twenty-five dollars for each of us.

" 5.   I also order that John Frank Wood, that now lives with us, if he proves faithful and remains on the farm above described and works to carry on the same, until the death of the above named persons, the residue of my estate shall fall to him, as the legal heir.   But if he, the said John, leaves and goes away from said premises to look out for himself, then this last provision is null and void, and the residue as above named, whatever it may be, shall go one-half to John E. Hart, and the other half to Ward Butler and his wife, Lucinda.

" 6.   And I also make choice of Nathan P. Bean of Searsmont, my sole executor, of this my last will and testament, whose duty it shall be to see that the provisions of this instrument are faithfully carried out, so far as to have a watchful care over my husband, Robert Hawes, and Ebenezer Robbins, to see that they are provided with all the above named benefits as described.

" 7.   In witness whereof I have hereunto set my hand this thirteenth day of August, eighteen hundred and eighty-one."

(Duly executed.)

*George E. Wallace*, for the plaintiff.

*L. M. Staples*, for the defendant, Robert Hawes.

*William H. Fogler*, for the defendant, John Frank Wood.

PETERS, C. J. The instrument which calls for an interpretation under this bill, is an illustration of the confusion of ideas which prevails among unskilful persons who write their own or their neighbors' wills. While the idea of this testatrix might be conjectured to be one thing, the language used so clearly and absolutely expresses a different thing, we can only follow the general rules of construction which appertain to such cases.

In the first clause of the will, she gives to her husband an absolute estate in her farm, valued at six hundred dollars, her principal or only property. By R. S., c. 74, § 16, a devise of land conveys all the estate of the devisor therein, unless it appears by the will that he intended to convey a less estate. If the other portions of the will had the effect to prevent a fee passing to the husband, he would take no estate at all, but only a life support.

In the second clause, the testatrix does not cut the fee down to a life estate or otherwise qualify it, but " declares " the husband is to have his support out of the farm as long as he lives. In the next item she also declares that another person shall receive his support out of the same farm, " in accord unto former agreement," when, as the case finds, there never was any agreement about such a matter.

In the next item, she undertook to provide for the erection of grave stones for her husband and herself, but fails to make a sensible provision.

She, then, in the next item, " orders " that still another person, " if he proves faithful and remains on the farm" until the death. of the before named persons, shall have the residue of her estate, and that, if he does not so behave himself, the same shall be divided among several other persons.

The wife, having first given the whole estate to her husband, and using afterwards no appropriate language to cut it down or take it away from him, the interpretation of the will must be that he takes a fee in the farm, subject to her debts and last expenses. *Mitchell* v. *Morse,* 77 Maine, 423.

*Decree accordingly.*

WALTON, DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.